**FILED**
**DECEMBER 18, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORRIE WILKINS, by her next friend, LIANKA FONVILLE, <br><br> Plaintiff, <br><br> vs. <br><br> LINCOLN PARK PLAZA, LLC., an Illinois Corporation; BJB LINCOLN PARK, INC., an Illinois Corporation; BJB PARTNERS, LLC, an Illinois Corporation; LINCOLN PARK PLAZA MANAGEMENT SPE, INC., an Illinois Corporation; DINO VUKIC, Property Manager for Lincoln Park Plaza; and BETH CRUZ, Assistant Property Manager for Lincoln Park Plaza, <br><br> Defendants. | ) ) ) ) ) ) ) ) No. ) ) ) ) ) ) ) ) ) ) ) ) ) |

**07 C 7093**

**JUDGE PALLMEYER**
**MAGISTRATE JUDGE COLE**

## COMPLAINT

NOW COMES THE PLAINTIFF, Lorrie Wilkins, by her next friend Lianka Fonville, and hereby complains against Lincoln Park Plaza, LLC, BJB Lincoln Park, Inc., BJB Partners, LLC, Lincoln Park Plaza Management SPE, Inc., Dino Vukic, and Beth Cruz as follows:

### I.   INTRODUCTION

1.  Lorrie Wilkins is a 9-year-old child who has lived, since birth, in a federally subsidized apartment with her mother, Lola Fonville. On October 14, 2007, Lola Fonville died, leaving her adult daughter, Lianka Fonville, to care for the minor child. Lianka Fonville has established a guardianship over her half-sister, Lorrie Wilkins, and has offered to assume her

1

mother's lease so as to allow the minor child to continue to live in the federally subsidized apartment, but building management has refused that offer. Building management has served Lianka Fonville with a notice threatening to evict her and the minor child if the sisters do not vacate the federally subsidized apartment immediately. Building management is attempting to deny Lorrie Wilkins her statutory right to remain in the federally subsidized apartment as "the remaining member of a tenant family." 42 U.S.C. § 1437a(b)(3)(A). Lorrie Wilkins is requesting an order enjoining Defendants from denying her the right to add an otherwise qualified adult family member to her lease so as to maintain her federally subsidized housing.

## II.   JURISDICTION

2.   This case arises under the United States Housing Act of 1937, 42 U.S.C. §§ 1437 *et seq*. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

## III.   VENUE

3.   Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because the Defendants reside in this judicial district and because the acts and events giving rise to the claims alleged herein occurred in this judicial district.

## IV.   PARTIES

### Plaintiff

4.   Plaintiff Lorrie Wilkins is a natural person who currently resides in unit 812 of 600 West Diversey Parkway, Chicago, Illinois ("Apartment"). Lorrie is 9-years-old and has lived in

this Apartment her whole life. Lorrie's half-sister, Lianka Fonville, age 27, was appointed her temporary guardian of her person on December 4, 2007 after the death of their mother.

**Defendants**

5. On information and belief, defendant Lincoln Park Plaza, LLC, ("Lincoln Park Plaza") an Illinois Corporation, owns the building at 600 West Diversey Parkway, Chicago, Illinois ("Building") in which Lorrie Wilkins lives.

6. On information and belief, defendants BJB Lincoln Park, Inc., BJB Partner, LLC, and Lincoln Park Plaza Management SPE, Inc., (collectively "Lincoln Park Plaza Management"), all of which are Illinois Corporations, either individually or collectively manage the Building owned by Lincoln Park Plaza at 600 West Diversey Parkway, Chicago, Illinois.

7. On information and belief, defendant Dino Vukic is a natural person who is the Property Manager employed by Lincoln Park Plaza Management to manage the Building.

8. On information and belief, defendant Beth Cruz is a natural person who is the Assistant Property Manager employed by Lincoln Park Plaza Management to manage the Building.

V. **JURY DEMAND**

9. Plaintiff demands a jury trial on all issues so triable.

VI. **STATEMENT OF FACTS**

10. The Building at 600 West Diversey Parkway, Chicago, Illinois is a multi-family housing development subsidized by the United States Department of Housing and Urban Development ("HUD").

11. On information and belief, the Building is federally subsidized under the Section 8 New

Construction loan program. *See* 24 C.F.R. Part 880.

12. Because the Building is federally subsidized, the rent is set at approximately one-third the family's monthly income.

13. Lola Fonville resided in the Apartment, a two-bedroom unit, in the Building for approximately 26 years where she raised her two children, Lianka Fonville and Lorrie Wilkins.

14. Lorrie Wilkins, now 9-years-old, has lived in the Apartment her whole life.

15. Lianka Fonville, age 27, is Lorrie's half-sister, and lived in the Apartment with Lorrie and their mother until she moved out in October 2006.

16. On October 14, 2007, Lorrie's mother, Lola Fonville, died.

17. Before dying, Lola Fonville asked Lianka Fonville to raise Lorrie after she died.

18. Beginning on or about October 9, 2007, respecting her mother's wishes, Lianka Fonville began moving back into the Apartment with Lorrie in order to care for her. At first Lianka Fonville generally stayed in the Apartment during the days while Lorrie stayed with friends at night. Gradually, Lianka Fonville completed her return to the Apartment at some point before November 15, 2007.

19. On or about October 15, 2007, Dino Vukic, the property manager, delivered a letter to the family of Lola Fonville, informing them that building management was aware that Ms. Fonville had passed away and demanding that the Apartment be vacated no later than October 31, 2007.

20. Lola Fonville was buried on October 22, 2007.

21. On or about October 23, 2007, Lianka Fonville went to the building management's office to discuss the October 15th letter. Ms. Fonville spoke with Beth Cruz, the assistant property

4

        manager, and advised her that she was going to be the legal guardian of her sister, Lorrie Wilkins, and would reside in the Apartment with Lorrie. Ms. Cruz told Ms. Fonville that it was not possible for Lorrie and her to continue to reside in the Apartment.

22. On November 15, 2007, counsel for Lorrie contacted Beth Cruz and asked management to accept Ms. Fonville's application to be added to Lorrie's lease as the adult member of the family. Ms. Cruz responded by stating that HUD had informed their management company that there was no survivorship right to subsidized housing for a minor child. When Ms. Fonville's counsel attempted to explain why she believed a survivorship right existed, Ms. Cruz terminated the phone call and advised that counsel should speak with the property manager, Dino Vukic, and took a message for him. Mr. Vukic never contacted counsel or Ms. Fonville.

23. On or about November 16, 2007, Beth Cruz gave Lianka Fonville a document titled "Demand for Possession." The document was addressed to Lianka Fonville and all occupants and demanded possession of the Apartment immediately.

24. On November 30, 2007, counsel for Ms. Fonville sent a letter to Dino Vukic and the management company's attorney, Cary Schiff, setting forth the legal basis for adding Ms. Fonville to the lease to allow Lorrie to continue in possession of the Apartment.

25. Neither Mr. Vukic nor Mr. Schiff have responded to that November 30, 2007 letter by the time this suit was filed.

### VII. STATEMENT OF LAW

26. HUD's Section 8 New Construction program is governed by the United States Housing Act of 1937, 42 U.S.C. §§ 1437 *et seq.* ("U.S. Housing Act").

27. The U.S. Housing Act provides housing assistance "to remedy the unsafe housing conditions and the acute shortage of decent and safe dwellings for low-income families." 42 U.S.C. § 1437(a)(1)(A).

28. "Low-income families" are defined as "families whose incomes do not exceed 80 per centum of the median income for the area." 42 U.S.C. § 1437a(b)(2).

29. "Families" are defined to include "families consisting of a single person in the case of . . . the remaining member of a tenant family." 42 U.S.C. § 1437a(b)(3)(A).

30. That definition of family is repeated in Subpart D of 24 C.F.R. Part 5, the regulations generally applicable to public housing and Section 8 housing assistance. 24 C.F.R. § 5.403.

## VIII. CLAIMS FOR RELIEF

### COUNT I

### Violation of the U.S. Housing Act of 1937

31. Plaintiff re-alleges paragraphs 1-30 of this Complaint and incorporates them herein.

32. Plaintiff is an eligible recipient of HUD subsidized housing as a "remaining member of a tenant family" under the statutory and regulatory requirements for eligibility. 42 U.S.C. § 1437a(b)(3)(A), 24 C.F.R. § 5.403.

33. Plaintiff Lorrie Wilkins is a remaining family member and has a right to maintain her federally subsidized housing.

34. As a minor, Plaintiff has a right to add an adult as a qualifying family member to her lease.

35. Defendants' refusal to allow Plaintiff to maintain her federally subsidized housing by adding an adult to her lease violates Lorrie's rights under the U.S. Housing Act. 42 U.S.C. § 1437 *et seq*.

## COUNT II

### Section 1983

36. Plaintiff re-alleges paragraphs 1-35 of this Complaint and incorporates them herein.

37. Defendants are "persons" within the meaning of 42 U.S.C. § 1983, and their actions described herein were taken under the color of state law.

38. By refusing to allow Plaintiff Lorrie Wilkins to add an adult to her lease, Defendants deprived Plaintiff of her rights secured by federal law, in violation of 42 U.S.C. § 1983.

### IX. RELIEF REQUESTED

WHEREFORE, the Plaintiff prays that this Court:

A. Declare that the actions and omissions of the Defendants, as set forth above, violate the U.S. Housing Act of 1937 and its implementing regulations;

B. Enter a preliminary and permanent injunction enjoining the Defendants from (1) refusing to allow Plaintiff to request the addition of her guardian, Lianka Fonville, to her household so that she may maintain her federal housing subsidy and (2) commencing forcible entry and detainer proceedings against Plaintiff;

C. Enter an order that the Plaintiff shall not be required to post bond as security for the issuance of a temporary restraining order or preliminary injunction; and

D. Grant the Plaintiff such further relief as this Court deems just and proper.

Dated: December 18, 2007.                    Respectfully submitted,

                                      s/ Charles R. Petrof
                                      _____
                                      One of the Attorneys for Plaintiff

<u>Attorneys for Plaintiff:</u>
Legal Assistance Foundation of Metropolitan Chicago
Richard Wheelock
Nareen Kim
Charles R. Petrof
111 W. Jackson, 3d Floor
Chicago, IL 60604
(312) 341-1070