UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 19 2007
Dec 19 2007
JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

| | |
|---|---|
| LORRIE WILKINS, by her next friend, LIANKA FONVILLE, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| LINCOLN PARK PLAZA, LLC., an Illinois Corporation; BJB LINCOLN PARK, INC., an Illinois Corporation; BJB PARTNERS, LLC, an Illinois Corporation; LINCOLN PARK PLAZA MANAGEMENT SPE, INC., an Illinois Corporation; DINO VUKIC, Property Manager for Lincoln Park Plaza; and BETH CRUZ, Assistant Property Manager for Lincoln Park Plaza, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

No. 07 C 7093

Judge Pallmeyer
Magistrate Judge Cole

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, Lorrie Wilkins, by her next friend, Lianka Fonville, by and through her attorneys at the Legal Assistance Foundation of Metropolitan Chicago, moves this Court to grant a temporary restraining order and preliminary injunction against Defendants with respect to all counts of the Complaint. In support of this motion, Plaintiff restates the allegations set forth in her Complaint, attaches the affidavit of her next friend, Lianka Fonville, (Exhibit A) and states as follows:

1. Plaintiff Lorrie Wilkins is a 9-year-old child who has lived, since birth, in a federally subsidized apartment with her mother, Lola Fonville. On October 14, 2007, Lola Fonville died, leaving her adult daughter, Lianka Fonville, to care for the minor child. Lianka Fonville has established a guardianship over her half-sister, Lorrie Wilkins, and has offered to assume her

mother's lease so as to allow the minor child to continue to live in the federally subsidized apartment, but building management has refused that offer. Building management has served Lianka Fonville with a notice threatening to evict her and the minor child if the sisters do not vacate the federally subsidized apartment immediately. Building management is attempting to deny Lorrie Wilkins her statutory right to remain in the federally subsidized apartment as "the remaining member of a tenant family." 42 U.S.C. § 1437a(b)(3)(A).

2. On or about October 15, 2007, Defendants tendered notice of lease termination to Ms. Fonville and Ms. Wilkins demanding that the federally subsidized apartment occupied by them at 600 West Diversey, unit 812, Chicago, Illinois be vacated no later than October 31, 2007. *See* October 15, 2007 letter, attached as Exhibit B.

3. On or about November 16, 2007, Defendants tendered a notice to Ms. Fonville and Ms. Wilkins demanding possession of the apartment immediately. *See* November 16, 2007 letter, attached as Exhibit C.

4. On November 30, 2007, counsel for Plaintiff sent a letter to Defendants and Defendant's counsel advising them of counsel's grounds to believe that Lorrie Wilkins retained her property interest in the apartment and requesting their response. *See* November 30, 2007 letter, attached as Exhibit D.

5. Neither Plaintiff nor Plaintiff's counsel have received a response to that letter. However, on December 18, 2007, after filing this underlying case, Plaintiff's counsel spoke with Defendants' counsel and asked if Defendant would delay the filing of an eviction action until this case was resolved. After receiving a copy of the underlying complaint by e-mail, Defendants' counsel replied that his client would not agree to delaying an eviction action.

6. Lorrie Wilkins is a "remaining member of a tenant family" as that term is used in the U.S. Housing Act of 1937. 42 U.S.C. § 1437a(b)(3)(A).

7. Interpreting that section of the U.S. Housing Act, Courts have allowed minors to maintain their federally subsidized housing when the adult leaseholder dies or moves out of the unit. *Carteret Housing Authority v. Gilbert*, 301 N.J. Super. 109, 693 A.2d 955 (N.J. Super. L. 1997) (Minor permitted to continue occupancy of Project Based Section 8 federally subsidized apartment as a remaining member of a tenant family after adult leaseholder was incarcerated); *Arsenault v. Chicopee Housing Authority*, 15 Mass. App. Ct. 939, 444 N.E.2d 968 (Mass. App. 1983) (Two year-old in federally subsidized housing abandoned by mother, father allowed grievance to add himself to the household so that son could continue to reside in the subsidized housing).

8. Lorrie Wilkins seeks an order enjoining Defendants from taking any action to upset the status quo until her rights under the U.S. Housing Act of 1937 are adjudicated, including enjoining Defendants from commencing eviction proceedings against her.

9. There are four prerequisites for preliminary injunctive relief: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law and irreparable harm if the injunction is not granted; (3) the threatened injury to movant outweighs the threatened harm from granting the injunction; and (4) the injunction does not disserve the public interest. *Abbott Labs v. Mead Johnson & Co.*, 971 F.2d 6, 11-12 (7th Cir. 1992).

10. The greater the showing movant makes on some factors, the less need be shown on other factors. *Id.*

11. Lorrie Wilkins is very likely to succeed on the merits. Other courts interpreting the same statutory authority have ruled in favor of remaining minor household members.

3

12. Lorrie Wilkins will also suffer irreparable harm for which there is no adequate remedy at law. Specifically, Lorrie Wilkins, a 9 year-old child, will be forced from the apartment where she has lived her whole life. If she is evicted, Lorrie Wilkins will become homeless because she and her guardian, Lianka Fonville, cannot afford housing in the private market.

13. Further, because real property is unique, its loss is always an irreparable injury for which there is no adequate remedy at law. *United Church of the Medical Center v. Medical Center Commons*, 689 F.2d 693, 701 (7th Cir. 1982).

14. Lorrie Wilkins is at risk of suffering dramatically greater harm than Defendants. Lorrie Wilkins stands to lose the only decent housing she can afford, while Defendants, who have rented to Lorrie and her family for Lorrie's whole life, stand to lose nothing.

15. The public interest would not be disserved by allowing Lorrie Wilkins to assert her right under the U.S. Housing Act of 1937 to preserve her housing. It is certainly not in the public interest to force a 9 year-old child into homelessness.

16. Lorrie Wilkins is indigent and cannot afford to post bond as security for the issuance of the temporary restraining order.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Issue a temporary restraining order enjoining Defendants from taking any action to upset the status quo, including enjoining Defendants from initiating state eviction proceedings, until Plaintiff's motion for preliminary injunction can be heard;

B. Schedule a pre-hearing conference to set a discovery schedule and hearing date for the preliminary injunction;

C.  Issue a preliminary injunction enjoining Defendants from refusing to allow Plaintiff to add an adult qualified family member as a leaseholder for her apartment; and

D.  Excuse Plaintiff from posting security under Fed. R. Civ. P. 65(c).

Respectfully submitted,

s/ Charles R. Petrof

One of the Attorneys for Plaintiff

Attorneys for Plaintiff:
Legal Assistance Foundation of Metropolitan Chicago
Richard Wheelock
Nareen Kim
Charles R. Petrof
111 W. Jackson, 3d Floor
Chicago, IL 60604
(312) 341-1070

County of  )
           )  ss
Cook       )

## AFFIDAVIT OF LIANKA FONVILLE

The Affiant, LIANKA FONVILLE, if called to testify, would testify competently as follows:

1. My name is Lianka Fonville. I am 27-years-old.

2. I live at 600 West Diversey Parkway, unit 812, Chicago, Illinois ("Apartment").

3. I live in the Apartment with my half-sister, Lorrie Wilkins.

4. On information and belief, the Apartment is federally subsidized under the Section 8 New Construction loan program.

5. I believe the Apartment is federally subsidized because my mother, the former leaseholder, paid an amount of rent that was based on her income. In order to calculate her rent burden the company that managed the Apartment recertified my mother's family income in order to calculate the amount of rent she had to pay.

6. My mother was Lola Fonville. She had 2 children.

7. Lorrie Wilkins is my Mother's other child. Lorrie Wilkins is 9-years-old.

8. My Mother raised both of us in the Apartment. I was about 1-year-old when we moved into the Apartment.

9. I moved out of the Apartment on or about October of 2006, leaving my Mother and Lorrie in the Apartment.

10. I moved out of the apartment because I was 26-years-old and I wanted to establish myself as an independent woman.

11. On or about October 3, 2007, my Mother entered the hospital for her last illness.

12. While my Mother was in the hospital, she asked me to take care of Lorrie's everyday needs.

13. When it became apparent that my Mother was dying, since I was the only family member who was in a position to raise Lorrie, I promised my Mother that I would take care of her.

14. On October 14, 2007, my Mother died.

15. Beginning on or about October 9, 2007, I began moving back into the Apartment so that I could raise Lorrie Wilkins. Although I cannot remember exactly when I completed this process, I had completed moving back into the Apartment by November 15, 2007.

16. On or about October 15, 2007, Dino Vukic, the property manager, slid a letter under our door informing us that building management was aware that my Mother had passed and demanding that the apartment be vacated no later than October 31, 2007.

17. On October 22, 2007, we buried my Mother.

18. On or about October 23, 2007, I went to the building management's office to discuss the letter dated October 15, 2007. In the office I spoke with Beth Cruz, the assistant property manager, and told her that I was going to be the legal guardian of my half-sister, Lorrie Wilkins, and would live in the apartment with her. Ms. Cruz responded by telling me that it was not possible for Lorrie and I to continue to live in the Apartment. Ms. Cruz said we could not live in the Apartment because Lorrie was not an adult.

19. On November 16, 2007, Beth Cruz handed me a document titled "Demand for Possession." It was addressed to me, and instructed Lorrie Wilkins and me to leave the apartment immediately.

20. Since November 16, 2007, I only heard from management one other time. Sometime shortly after Thanksgiving, Dino Vukic came to the Apartment and asked me when we were moving. When I told him we were trying to stay. He finished this conversation by telling me that I would be living on the streets as he was walking away.

2

21. As provided in 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on Dec 17, 2007

FURTHER AFFIANT SAYETH NAUGHT.

_____
Lianka Fonville

12/17/07
Date

3

# LINCOLN PARK PLAZA, LLC

600 West Diversey Parkway
Chicago, Illinois 60614
Phone (773) 281-4100
Fax (773) 281-2208

October 15, 2007

Apt. 812
600 W. Diversey
Chicago, IL 60614

Re: Lola Fonville

To the family of Lola Fonville:

It was brought to the attention of the management office that Lola Fonville passed away over the weekend. On behalf of the management we sympathize with your loss however as Lola Fonville was the only lease holder on this apartment which is a section 8 unit, there is no other (adult) lease holder currently on file.

Please let us know as soon as possible when you will be removing her personal belongings and vacating the apartment, otherwise we will consider that the apartment will be vacated on or before October 31, 2007.

Once you have made the final arrangements or have any questions concerning this letter give us a call from 9:30 to 6:00pm Monday thru Friday at 773-281-4100.

Thank you,

Dino Vukic
Property Manager



EXHIBIT B

NOV-20-2007 16:33 From:CLARK DIVERSEY C E    17733488587         To:LEGAL ASSISTANCE CHI P.1/1

## DEMAND FOR POSSESSION

**TENANT: LIANKA FONVILLE & ALL OCCUPANTS**

APT. #: 812

We hereby demand immediate possession of the following premises, to wit:

**600 W. DIVERSEY PKWY**
**Apt. #812**
**CHICAGO, IL 60614**

Dated at Chicago this 16th day of November, 2007

BJB PARTNERS, LLC, As Agent

BY _Beth Cruz_ (signature)

(STATE OF ILLINOIS)
(COUNTY OF COOK) ss

### AFFIDAVIT OF SERVICE

_Beth Cruz_, says that he/she served the foregoing notice on the 16TH day of _November_ 2007 as follows:

X  1. by delivering a copy thereof to the above named tenant, _Lianka Fonville_.

___ 2. by delivering a copy thereof to _____, a person above the age of 13 years, residing on or in charge of the above described premises

Under penalties as provided by law pursuant to Section 1-1-9 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the undersigned as aforesaid states that he/she verily believes the same to be true.

_Beth Cruz_ (signature)

**EXHIBIT C**



**LEGAL ASSISTANCE FOUNDATION
OF METROPOLITAN CHICAGO**

111 West Jackson Boulevard
Suite 300
Chicago, Illinois 60604-3528
312.341.1070 Phone
312.341.1041 Fax
(866) 801-0505 TTY
User name: lafmcgo
www.lafchicago.org

Nareen Kim • Senior Attorney, Central Intake Office • nkim@lafchicago.org
Direct Extension: (312) 347-8395 • Direct Fax: (312) 612-1495

November 30, 2007

Lincoln Park Plaza
600 West Diversey Parkway
Chicago, IL 60614
Attn: Dino Vukic, Property Manager

Re:   **600 West Diversey Parkway, Unit #812**

Dear Mr. Vukic:

I am writing on behalf of Lianka Fonville and Lorrie Wilkins who currently reside at 600 West Diversey Parkway, Unit #812. As you are aware, Lorrie Wilkins is a 9 year old girl who has resided at the unit since birth with her mother, Lola Fonville, who was the lease holder. Lola Fonville lived in the unit for over twenty-five years before she passed away on October 14, 2007. Lianka Fonville, Lorrie's adult sister, moved in to the unit to take care of Lorrie.

Lianka Fonville received a letter from management dated October 15, 2007 which states in part that "as Lola Fonville was the only lease holder on this apartment which is a section 8 unit, there is no other (adult) lease holder currently on file. Please let us know as soon as possible when you will be removing her personal belongings and vacating the apartment, otherwise we will consider that the apartment will be vacated on or before October 31, 2007." See attached letter from Dino Vukic dated October 15, 2007.

I contacted management on November 15, 2007 to discuss survivorship rights of Lola Fonville's family. I spoke with Beth Cruz who advised me that there was no survivorship interest because Lorrie Wilkins was a minor child. I did leave a message with Ms. Cruz for you to call me back to discuss this further, but unfortunately I have not heard from you. Instead, on November 16, 2007, Lianka Fonville received a notice from Beth Cruz demanding "immediate possession" of the unit. See attached Demand for Possession.

According to the HUD Housing Programs: Tenants' Rights' book, a remaining family member who wishes to stay after a head of household dies has a survivorship right to continue to receive a housing subsidy. See attached Section 2.2.2.11. Furthermore, "[a] minor who is a remaining family member should be allowed to remain in the unit...by adding a co-signer to the lease, or by adding an adult to the household." Id.

Therefore, we believe that federal law dictates that Lorrie Wilkins has a survivorship interest in her mother's subsidy even though she is a minor. It would be illogical and unlawful to discriminate against a minor child and evict her after her mother dies, when an adult child would be

1



EXHIBIT D

allowed to stay. Lianka Fonville is in the process of pursuing guardianship of Lorrie. We are requesting that Lianka Fonville be added on to the lease as the new head of household.

I believe it would be in all of our interests to attempt to resolve this matter amicably. Please contact me or have your attorney contact me to discuss this further.

Very truly yours,

Nareen Kim
Attorney at Law

cc:   Cary Schiff
      134 N. LaSalle St., #712
      Chicago, IL 60602

2